IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO.: |
| Plaintiff, | |
| vs. | |
| $893,486.43 in U.S. Currency | |
| Defendant *in Rem*. | |

**UNITED STATES' COMPLAINT FOR FORFEITURE *IN REM***

The Plaintiff, United States of America, brings this complaint and alleges as follows, in accordance with Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**NATURE OF THE ACTION**

1. This is a civil action *in rem* to forfeit to the United States of America funds in the Firstrade Account #91293288 in the amount of $893,486.43 in U.S. Currency ("Defendant Funds"), pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C). The United States seeks forfeiture based upon a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Funds constitute, or are traceable to:

   a. proceeds of wire fraud transactions or attempted wire fraud transactions in violation of 18 U.S.C. § 1343;

   b. proceeds of identity theft in violation of 18 U.S.C. § 1029;

    c.    property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and/or § 1956(a)(1)(B)(i) and/or 1957.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.  This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

    (a)    28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in the District of South Carolina; and

    (b)    28 U.S.C. § 1355(b)(1)(B), because venue properly lies in this district pursuant to 28 U.S.C. § 1395.

## THE DEFENDANT *IN REM*

3.    The Defendant Funds consist of $893,486.43 in United States Currency obtained by agents with the United States Secret Service ("USSS") during an investigation into an account takeover and identity theft.

4.    The USSS seized the $893,486.43 in United States Currency for federal forfeiture. The Defendant Funds are currently on deposit in this district in an account under the control of United States Secret Service.

5.    In accordance with the provisions of 19 U.S.C. § 1606, the Defendant Funds have a total domestic value of approximately $893,486.43 USD.

## KNOWN POTENTIAL CLAIMANTS

6.  Outside of the victim of the fraud in this case, there are no known individuals whose interests may be affected by this litigation.

.

## BASIS FOR FORFEITURE

7.  Pursuant to the pleading requirements of Supplemental Rule G(2)(f), Plaintiff alleges that there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Funds are subject to forfeiture to the United States, based in part upon the following:

   a.  USSS and local law enforcement agencies are investigating an unknown individual, or group of individuals who have conducted an account takeover of a Fidelity Brokerage Services, account belonging to the victim Sharon Free ("Free") beginning on or before January 9, 2022. Numerous Automated Customer Account Transfer Service (ACATS) transactions occurred between January 9, 2022, through September 20, 2022, resulting in a loss to the victim in the amount of approximately $1,193,749.00

   b.  The transactions are detailed below.

   ACATS TOA Transactions out: (similar to ACH transfers)

   | Date: | Amount: | Destination: | Account: |
   | --- | --- | --- | --- |
   | 01/24/2022 | $20,000.00 | Charles Schwab & Company | 70683157 |
   | 01/25/2022 | $20,000.00 | Charles Schwab & Company | 70683157 |
   | 02/04/2022 | $25,000.00 | APEX Clearing | 6MB05346 |
   | 02/07/2022 | $25,000.00 | APEX Clearing | 6MB05346 |

03/14/2022   $40,000.00     APEX Clearing                    87761763
This transfer was rejected by FBS prior to processing.
03/23/2022   $40,000.00     APEX Clearing                    91293288
03/24/2022   $40,000.00     APEX Clearing                    91293288
06/15/2022   $25,000.00 (cash) and 6,205.00 (Shares) APEX Clearing 91293288
06/17/2022   $25,000.00 (cash) and 6,205.616 (Shares) APEX Clearing 91293288


08/17/2022 5,904.307 (shares)      APEX Clearing          91293288
08/19/2022 5,904.307 (shares)      APEX Clearing          91293288
Account 221-212689 was restricted by FBS on 09/27/2022.

Returned:
10/13/2022 $5,999.35 (cash), 30 shares of Amazon, 27 shares of Apple, 18 shares of Nvidia Corporation and 15 shares of Tesla Inc from APEX Clearing Corporation account number 6MB05346.

On 10/14/2022 $20,001.31 (cash), from Charles Schwab & Company Inc account number 70683157.

c. Once the funds were transferred out of the Fidelity account, they were sent to both Charles Schwab & Company, and APEX Clearing Corporation, which then funneled the funds and shares to other corporations such as Firstrade Securities, Inc. It is still yet to be determined the exact nature of how the funds transfers were initiated, but based on the current investigative evidence, the Internet Protocol Addresses (IP's) appear to indicate a common account take over and the transfers were initiated through the use of the victim's account credentials and personal identifiers. The victim has indicated that no funds were authorized to be transferred from the initial Fidelity account, nor did she open any other account at Schwab, APEX Clearing, Firstrade, or any other accounts.

4

    d.    Agents of the Secret Service reviewed the opening documents for the Firstrade Account #91293288, Subject Account. The account was opened online on March 03, 2022, utilizing the purported identity of the victim using her name, and social security number. A close examination revealed that the date of birth provided was one day off from the victim's and the phone number provided also, was not that of the victim. The I.P. address used to initiate the account is from this region of South Carolina, but not that of the victim or victim residence.

    e.    Firstrade required the account opener to provide a photo of their driver's license, and a selfie photograph holding that license. A review of those documents provided by Firstrade, show an individual who is not the victim. Furthermore, the driver's license shows signs of being fictitious. A check with SCDMV revealed that the driver's license number is not that of the victim and in-fact is not a valid number at all. Thus, indicating that the Firstrade Account #91293288 was opened through means of Identity Theft and Wire Fraud.

    f.    Materials provided by Firstrade indicate that the phone calls received from the purported account holder are not the victim and was not someone familiar with the actual activities within the account. It is also clear that more than one individual has called into Firstrade purporting to be the victim.

8.    A federal seizure warrant was executed for the Firstrade Account #91293288 in the amount of $893,486.43 in U.S. Currency, on January 6, 2023, by SA Lea.

9.      Based on the information and allegations set forth herein, there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Funds constitutes, or is traceable to:

   a. proceeds of wire fraud transactions or attempted wire fraud transactions in violation of 18 U.S.C. § 1343;
   b. proceeds of identity theft in violation of 18 U.S.C. § 1029
   c. property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and/or § 1956(a)(1)(B)(i) and/or 1957.

## CONCLUSION

10.     By reason of these premises, and pursuant to 18 U.S.C. § 981(f) and 21 U.S.C. § 881(h), whereby the Plaintiff's right, title and interest in and to the Defendant Funds relates back to the commission of the act giving rise to the forfeiture, the Defendant Funds has become and is forfeited to the United States of America, to be disposed of pursuant to Supplemental Rule G(7)(c) for Admiralty or Maritime Claims and Asset Forfeiture Actions, 18 U.S.C. § 981(d), 21 U.S.C. § 881(e), and other applicable laws.

WHEREFORE, Plaintiff prays that due process issue to enforce the forfeiture of the Defendant Funds, *in rem*; that a Warrant for the Arrest of the Defendant Funds be issued; that due Notice be given to all interested persons to appear, make claim, answer

and show cause why the forfeiture should not be decreed; that the Defendant Funds be decreed condemned and forfeited to the United States of America for disposition according to law; and that Plaintiff have such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

Adair F. Boroughs
UNITED STATES ATTORNEY

By: *s/Carrie Fisher Sherard*
Carrie Fisher Sherard #10134
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
(864) 282-2100